# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| **JAMES C. HAWTHORN,** | : | Case No. _____ |
| **REGISTERED ARCHITECT** | | |
| **1900 Kress Wood Circle** | : | Judge _____ |
| **Kettering, Ohio 45429,** | | |
| | : | |
| **Plaintiff-Petitioner,** | | |
| | : | |
| v. | | **VERIFIED COMPLAINT AND** |
| | : | **PETITION FOR DISCOVERY** |
| **SARAH L. SELKE** | | **PURSUANT TO FED. R. CIV. P. 27** |
| **7204 Sheffield Way** | : | |
| **Waynesville, Ohio 45068** | | |
| | : | |
| and | | |
| | : | |
| **ATELIER DESIGN LLC** | | |
| **1035 East Centerville Station Road** | : | |
| **Centerville, Ohio 45459** | | |
| | : | |
| and | | |
| | : | |
| **EDWARD D. JONES & CO., L.P.** | | |
| **D/B/A Edward Jones** | : | |
| **12555 Manchester Road** | | |
| **St. Louis, MO 63131-3729,** | : | |
| | | |
| **Respondents.** | : | |

Plaintiff-Petitioner James C. Hawthorn ("Hawthorn") petitions this Court for an order authorizing him to depose the named Respondents in order to perpetuate their testimony pursuant

to Fed. R. Civ. P. 27(a) and (c).  In support, Hawthorn sets forth the following verified averments:

## THE PARTIES

1. Hawthorn is an architect licensed in Ohio and has his place of business at 1900 Kress Wood Circle, Kettering, Montgomery County, Ohio.  Hawthorn is engaged principally in the architectural design of professional office buildings, military facilities, and industrial plants.  Hawthorn prepared architectural drawings for Sarah L. Selke.

2. Respondent Sarah L. Selke ("Selke") is an individual residing in Waynesville, Ohio.  At all times relevant, Selke was an employee and agent of respondent Edward D. Jones & Co., L.P. D/B/A/ Edward Jones ("Edward Jones").  Selke was and is the developer and lessor of a single story professional office building constructed at 14 Progress Drive, Xenia, Greene County, Ohio, which she developed with and for Edward Jones so that she could lease the building to it ("the Property").

3. Respondent Atelier Design, LLC ("Atelier") is an Ohio domestic limited liability company having its principle place of business at 1035 East Centerville Station Road, Centerville, Montgomery County, Ohio.  Atelier is upon information and belief engaged in the architectural design of professional office buildings.

4. Respondent Edward Jones is a securities broker-dealer and financial services provider headquartered in St. Louis, Missouri.  It offers financial services at the Property and at many other locations within this District.  Edward Jones participated in, directed, controlled, and approved portions of the design and construction of the Property, contracted to lease it from Selke, and took occupancy upon its completion.

2

**JURISDICTION AND VENUE**

5. This Court has subject matter jurisdiction in this action pursuant to 28. U.S.C. § 1331 and § 1338(a) as it invokes the remedies of the U.S. Copyright Act.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1400(a) as the defendants and/or their agents reside and/or may be found and/or maintain a principle place of business in the Southern District of Ohio.

**SHOWING REQUIRED BY FED. R. CIV. P. 27(A)(1)(A-E)**

7. In support of his petition, Hawthorn verifies:

   A. He expects to be a plaintiff in an action for copyright infringement which is cognizable in this Court, but which he cannot presently bring, or cause to be brought, because his right as the owner of his architectural design to institute an infringement action under 17 U.S.C.A. § 1321 is dependent on the U.S. Copyright Office issuing a certificate of registration. His application for registration has been submitted to the U.S. Copyright Office and is pending but will take months to process. *See*, Appendix 1, attached at P. 8.

   B. The subject matter of Hawthorn's expected action is to seek redress under Title 17 of the U.S. Copyright Act for the Respondents' misappropriation, infringement, and unauthorized use of his proprietary architectural drawings and related state law claims.

   C. The facts Hawthorn expects to establish by the proposed testimony and the reasons to perpetuate it are summarized thus:

3

(i)   Selke met with Hawthorn and requested that he design a building and prepare architectural drawings to meet her requirements for a commercial office building she planned to construct on the Property. Hawthorn complied but then she took them without compensating him.

(ii)  Selke met and communicated with Hawthorn several times, asking him to prepare further drawings. He did, whereupon she took his copyrighted work and disappeared with it.

(iii) Selke took Hawthorn's copyrighted work to the Atelier firm whose design professionals used them to prepare drawings they falsely marked as their own copyrighted work, and submitted them to the Greene County Department of Building Regulations to apply for and receive construction permits.

(iv)  Hawthorn wants to discover the Atelier firm's contracts, arrangements, communications, dealings, creative efforts, and financial arrangements with Selke; its dealings with the Greene County Department of Building Regulations; and its dealings with contractors, sub-contractors, suppliers, and others involved in the construction of Selke's building.

(v)   Hawthorn wants to discover Edward Jones's approval and use of his designs, and its own designs and specifications, for Selke's building that it leased from her.

   (vi)  The reasons to perpetuate testimony include: (a) the inherent delays for Hawthorn to obtain copyright registration (*see*, Appendix 1); (b) deterioration of witnesses' recollections over time; (c) loss or misplacement of paper and electronic records in Respondents' possession, custody, and control; (d) increasing difficulty of obtaining access to testimony and documents reasonably calculated to lead to the discovery of admissible evidence after the passage of time; and (e) the resulting delay or failure of justice.

D. The names of the persons Hawthorn expects to be adverse parties, and their addresses, so far as known, are the Respondents named above. Hawthorn needs their testimony also to establish the identities of others who are or may be liable to him for redress under the Copyright Law of the United States and under state law causes of action that may only be brought within a federal copyright action. (*See*, e.g., 28 U.S.C.A. § 1338(a) and (b); 17 U.S.C.A. §§ 102(A), 106, 301; Clause 8, Section 8, Article I, United States Constitution.)

E. The name, address, and expected substance of the testimony of each deponent are outlined above, namely such testimony and documents as are reasonably calculated to lead to the discovery of admissible evidence to prove the elements of copyright infringement and corollary state law claims, e.g., misappropriation, interference with prospective economic gain, deceptive trade practices, unfair competition, misrepresentation, fraud, unjust

5

enrichment, entitlement to statutory damages and attorney fees, and such other causes of action and damages as allowed under federal and state law.

WHEREFORE, for the foregoing reasons Plaintiff-Petitioner James C. Hawthorn petitions this Court for an order allowing him to perpetuate the testimony of the identified Respondents pursuant to Fed. R. Civ. P. 27(a) and (c), and Fed. R. Civ. P. 30.

Respectfully submitted,

/s/ Peter F. von Meister
Peter F. von Meister
Bar Number 0024458
Trial Attorney for Plaintiff-Petitioner,
James C. Hawthorn
Green & Green, Lawyers
800 Performance Place
109 North Main Street
Dayton, Ohio 45402-1290
Tel.    937.244.3333
Email: pfvmeister@green-law.com
Fax:    937.224.4311

STATE OF OHIO }
MONTGOMERY COUNTY }

    James C. Hawthorn being properly cautioned and sworn, deposes and states upon his oath that the foregoing averments are true and accurate to the best of his information, knowledge, and belief, and hereby verifies them.

_____
James C. Hawthorn

    Subscribed and acknowledged before me by James C. Hawthorn this 14th day of June, 2016.

_____
NOTARY PUBLIC

PETER F. von MEISTER, Attorney at Law
Notary Public, State of Ohio
My Commission has no expiration date.
Section 147.03 O. R. C.

**<u>Appendix 1</u>**

**From:** Copyright Information <copyinfo@loc.gov>
**Subject: RE: Status Request**
**Date:** May 5, 2016 at 10:30:12 AM EDT
**To:** "'jim@jcharc.com'" <jim@jcharc.com>
**Cc:** Copyright Information <copyinfo@loc.gov>

Good Morning,

Our records show that your work was received through eCO on 3/3/2016 and has been entered into our internal database under our file number SR 1-3180911991. Please refer to this number in all future correspondence with our office concerning this claim.

Your work is currently in process.

It takes about 8 months from the date received for the registration process to be completed using the online registration system. The status will change to closed. You will receive a certificate of registration after this period. The registration however is effective from the date of receipt of your material and you can publish your work or do whatever you wish with it from that time.
See http://www.copyright.gov/circs/circ1.pdf

For current processing times, see http://www.copyright.gov/help/faq/faq-what.html#certificate

Sincerely,
B.K.J
U.S. Copyright Office
Attn: Public Information Office-LM401
101 Independence Avenue, S.E.
Washington, DC  20559-6000
Email: copyinfo@loc.gov
Phone: 877-476-0778 (toll free) or 202-707-5959
Fax: 202-252-2041
Website:  www.copyright.gov