IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JAMES C. HAWTHORN, :

    Plaintiff-Petitioner,

  v. : Case No. 3:16-cv-246

SARAH L. SELKE, *et al.*, : JUDGE WALTER H. RICE

    Respondents. :

---

DECISION AND ENTRY SUSTAINING MOTION OF ATELIER DESIGN LLC TO DISMISS VERIFIED COMPLAINT AND PETITION FOR DISCOVERY (DOC. #7), AND MOTION OF RESPONDENT EDWARD D. JONES & CO. L.P. TO DISMISS VERIFIED COMPLAINT AND PETITION FOR DISCOVERY (DOC. #8); JUDGMENT TO ENTER IN FAVOR OF RESPONDENTS AND AGAINST PLAINTIFF-PETITIONER; DISMISSING VERIFIED COMPLAINT AND PETITION FOR DISCOVERY (DOC. #1) WITHOUT PREJUDICE; TERMINATION ENTRY

---

Pursuant to Federal Rule of Civil Procedure 27, James C. Hawthorn, a registered architect, has filed a Verified Complaint and petitioned the Court for an order authorizing him to depose Sarah Selke, Atelier Design LLC ("Atelier Design") and Edward D. Jones & Co., L.P. ("Edward D. Jones"). Respondents Atelier Design and Edward D. Jones have each filed a motion to dismiss the Verified Complaint and Petition for Discovery. Docs. ##7, 8.

I.  **Background and Procedural History**

According to Hawthorn's Verified Complaint, Sarah Selke, an employee of Edward D. Jones, asked him to prepare certain architectural drawings for a single-story professional office building. She then took his drawings to Atelier Design, which "used them to prepare drawings they falsely marked as their own copyrighted work," and to obtain construction permits for the office building. Doc. #1, PageID#4.

Hawthorn plans to file a copyright infringement suit for the misappropriation, copyright infringement, and unauthorized use of his proprietary drawings. Although he has applied to the United States Copyright Office for a certificate of registration—a statutory prerequisite for filing suit—that application may take several months to process. Pursuant to Federal Rule of Civil Procedure 27, he has asked the Court to allow him to perpetuate pre-suit testimony of Selke, Edward D. Jones, and Atelier Design. Respondents Atelier Design and Edward D. Jones have each filed a motion to dismiss, arguing that Hawthorn has failed to show that pre-suit discovery is warranted under Rule 27. Docs. ##7, 8.

II. **Discussion**

Federal Rule of Civil Procedure 27(a)(1) governs requests to perpetuate testimony before a lawsuit is filed. That Rule provides as follows:

> A person who wants to perpetuate testimony about any matter cognizable in a United States court may file a verified petition in the district court for the district where any expected adverse party

2

resides. The petition must ask for an order authorizing the petitioner to depose the named persons in order to perpetuate their testimony. The petition must be titled in the petitioner's name and must show:

> (A) that the petitioner expects to be a party to an action cognizable in a United States court but cannot presently bring it or cause it to be brought;
> (B) the subject matter of the expected action and the petitioner's interest;
> (C) the facts that the petitioner wants to establish by the proposed testimony and the reasons to perpetuate it;
> (D) the names or a description of the persons whom the petitioner expects to be adverse parties and their addresses, so far as known; and
> (E) the name, address, and expected substance of the testimony of each deponent.

Fed. R. Civ. P. 27(a)(1).

The Court may allow pre-suit discovery "[i]f satisfied that perpetuating the testimony may prevent a failure or delay of justice." Fed. R. Civ. P. 27(a)(3). This is typically the case when a witness is gravely ill, extremely elderly, or is planning to leave the country. *See Zuelsdorf ex rel. Cook v. Oiler*, No. 2:14-mc-0015, 2014 WL 1912017, at *2 (S.D. Ohio May 13, 2014). Rule 27, however, is not a substitute for general discovery, and is not to be used by a prospective litigant to fish for evidence to help frame a complaint, or to search for possible claims or possible defendants. *Id. See also* 6 James Wm. Moore, *et al.*, Moore's Federal Practice § 27.03 (3d ed. 2016).

Hawthorn alleges that he expects to be a plaintiff in a copyright infringement action under 17 U.S.C. § 1321, but cannot file suit until the U.S. Copyright Office

3

issues a certificate of registration.[1]  The subject matter of the expected action is the alleged misappropriation of his architectural drawings.  He expects the proposed testimony to show that Selke took his drawings to Atelier Design, and that Atelier Design used them to prepare drawings that were used to construct the office building, which was then leased to Edward D. Jones.

Hawthorn wants to perpetuate testimony concerning Selke's dealings with Atelier Design, Atelier Design's dealings with the Greene County Department of Building Regulations and the contractors involved in the construction of the building, and Edward D. Jones's approval and use of the designs at issue.  He cites five reasons why the Court should allow him to perpetuate this testimony prior to filing suit:  (1) the delay caused by the copyright registration process; (2) deterioration of witnesses' recollections over time; (3) loss or misplacement of records in Respondents' possession or control; (4) increasing difficulty of obtaining access to testimony and documents after the passage of time; and (5) the resulting delay or failure of justice.  He further alleges that Respondents can help establish the identities of others who may be liable for copyright infringement and related state law claims.

Respondents argue that these allegations are insufficient to justify pre-suit discovery.  The Court agrees.  It appears that Hawthorn submitted his application

---

[1] Respondents point out that 17 U.S.C. § 1321 is inapplicable, given that it applies only to copyright infringement claims involving boat hulls and decks.  Hawthorn concedes that this particular citation is incorrect, but notes that his petition also cites to 17 U.S.C. § 102(A), which provides federal copyright protection for architectural works.

4

for the certificate of registration on March 3, 2016.  According to an email he received from the U.S. Copyright Office, these applications take approximately eight months to process.  Doc. #1, PageID#8.  It therefore appears likely that Hawthorn will be able to file suit within the next few months.

As Respondents note, the risk that memories may fade and documents may be displaced over time exists for every potential litigant.  The Sixth Circuit has held, however, that "[m]ere allegations that witnesses might die or memories might fade are not sufficient to justify the granting of the [Rule 27] motion."  *Kendrick v. Irwin*, 77 F. App'x 770, 771 (6th Cir. 2003).

The Verified Complaint and Petition for Discovery is devoid of any allegations supporting a finding that the evidence sought is in imminent danger of being lost or destroyed within the next few months if Hawthorn's petition is not granted.  There is no indication that any of the witnesses he seeks to depose will not be available once he obtains his certificate of registration and files suit.  To the extent that he seeks the testimony of these witnesses "to establish the identities of others who are or may be liable to him," Doc. #1, PageID#5, this is an improper use of Rule 27.

Under the circumstances presented here, the Court does not find that perpetuating the testimony of Respondents will "prevent a failure or delay of justice."  Fed. R. Civ. P. 27(a)(3).  Accordingly, pre-suit discovery is not warranted.

5

III.  Conclusion

For the reasons set forth above, the Court SUSTAINS the Motion of Atelier Design LLC to Dismiss Verified Complaint and Petition for Discovery, Doc. #7, and the Motion of Respondent Edward D. Jones & Co., L.P. to Dismiss Verified Complaint and Petition for Discovery, Doc. #8.

The Verified Complaint and Petition for Discovery, Doc. #1, is DISMISSED WITHOUT PREJUDICE.  Judgment shall be entered in favor of Respondents and against Plaintiff-Petitioner.  The captioned case is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

Date: October 31, 2016

_____
WALTER H. RICE
UNITED STATES DISTRICT JUDGE

6